```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THERESA DANZA,
                        Plaintiff,                              OPINION AND ORDER
        - v -
                                                                CV-11-4306 (JG)(VVP)
COSTCO WHOLESALE CORPORATION,

                        Defendant.
------------------------------------------------------------x
```

   The plaintiff in this "slip and fall" personal injury action has moved to compel the production of a document entitled "Privileged and Confidential Warehouse Incident Report" which has been withheld by the defendant on the ground that it is work product. The defendant has submitted the document for *in camera* review. For the reasons below, the plaintiff's application is granted.

   A party asserting the work-product doctrine as a bar to discovery bears the burden of establishing the applicability of the doctrine. *E.g., United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *Weber v. Paduano*, No. 02 Civ. 3392 (GEL), 2003 WL 161340, *3 (S.D.N.Y. Jan. 22, 2003). Although state law provides the rules of decision for questions of privilege in diversity actions, the prevailing view among district courts in this Circuit is that the work product doctrine is not a privilege and that federal, rather than state, law therefore governs its application in all actions in federal court. *See, e.g., Weber v. Paduano*, 2003 WL 161340, at *3; *Calabro v. Stone*, 225 F.R.D. 96, 98-99 (E.D.N.Y. 2004)*; Mount Vernon Fire Ins. Co. v. Try 3 Bldg. Services, Inc.*, No. 96 Civ. 5590, 1998 WL 729735, *4 (S.D.N.Y. Oct 16, 1998) (MJL)(HBP); *Fine v. Facet Aerospace Prods. Co.*, 133 F.R.D. 439, 444 (S.D.N.Y.1990); *Railroad Salvage of Conn., Inc. v. Japan Freight Consolidators (U.S.A.) Inc.*, 97 F.R.D. 37, 40 (E.D.N.Y.1983) (McLaughlin, J.); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 471 (S.D.N.Y.1993); *Clark v. Buffalo Wire Works Co., Inc.*, 190 F.R.D. 93, 95 n.3 (W.D.N.Y. 1999). The court thus looks to federal law to determine whether the defendant0 has met its burden here.

   The work-product doctrine in federal law is now embodied in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which gives qualified protection for "documents . . .

prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative." Documents prepared in the ordinary course of business, or which would have been prepared in essentially the same form irrespective of the litigation, are not protected by this definition. *See United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir.1998). As a result, accident reports are not routinely shielded from discovery. *See, e.g., Calabro v. Stone*, 225 F.R.D. at 99-100; *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, No. 02 Civ. 0504 (RCC), 2003 WL 22110281, at *4 (S.D.N.Y. Sept. 10, 2003); *Weber v. Paduano*, 2003 WL 161340, at *4. The extent to which work product protection is afforded to accident reports arises predominantly in cases involving a liability insurer's investigation of the circumstances surrounding an accident for which they may be required to provide coverage. A party asserting work-product to bar discovery of reports prepared in such circumstances must be able to point to a definite shift from acting in its ordinary course of business to acting in anticipation of litigation. *E.g., Goodyear Tire & Rubber Co.*, 2003 WL 22110281, at *4l; *Weber v. Paduano*, 2003 WL 161340, at *6.

   The report at issue here is a form document consisting of two pages. The document was prepared by an employee of the defendant and countersigned by the manager of the store where the accident occurred. The words "Privileged and Confidential Information" appear in large, bold, uppercase letters at the very top of the first page. Immediately underneath, in uppercase but smaller letters, the following instructions appear:

> This report is to be prepared for the company's legal counsel. Do not give a copy of this report to or discuss its contents with any person except as instructed below.

At the bottom of the second page of the document instructions concerning the distribution of the document indicate that one copy of the form is to be filed at the warehouse, and the other is to be forwarded to the regional manager.

   It is clear from the nature of the document that it was prepared as part of the regular procedure of the defendant when incidents such as the one here occur. Although the heading and instructions on the document indicate that the document was to be prepared for use by its attorneys in connection with possible litigation, there is nothing to indicate that it

was immediately forwarded to any attorney. Rather, it was to be maintained at the store and at the regional office, presumably for use when and if a claim by the injured person was made. Nor does it contain any information reflecting any attorney's thoughts or mental impressions. Of course, litigation often ensues when persons are injured in commercial premises such as those operated by the defendant. But that alone is not sufficient to transform the document from one prepared in the ordinary course of the defendant's business to one prepared in anticipation of litigation. The defendant itself, being self-insured, likens the document to an investigatory report prepared by or for an insurer. Such reports prepared shortly after an accident do not qualify for work-product protection. *See, e.g., Koppel v. United Nat. Ins. Co., Inc.*, No. 08-CV-1965 (NG), 2008 WL 5111288, at *1-2 (E.D.N.Y. Nov. 26, 2008); *AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052, 2008 WL 4067437, at *13 (S.D.N.Y. Aug. 28, 2008); *OneBeacon Ins. Co. v. Forman Intern., Ltd.*, No. 04 Civ. 2271, 2006 WL 3771010, at *4-5 (S.D.N.Y. Dec. 15, 2006); *Weber v. Paduano*, 2003 WL 161340, at *7, 12.

For the foregoing reasons the motion to compel is granted as to the Warehouse Incident Report. The document is to be produced within seven days.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 12, 2012